UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUDY A. CATON, <br><br> Plaintiff, <br><br> v. <br><br> KEITH D. WHITE, et al., <br><br> Defendants. | CASE NO. C10-2068JLR <br><br> ORDER DENYING MOTION FOR DEFAULT JUDGMENT |

This matter comes before the court on Plaintiff Judy A. Caton's motion and declaration for order of default and default judgment against Defendant Keith D. White (Dkt. # 17). On August 5, 2011, the court entered an order of default against Mr. White (Dkt. # 20). The court has reviewed Ms. Caton's motion for default judgment (Dkt. # 17), the declaration of Ms. Caton (Dkt. # 16), and the relevant law. For the reasons stated below, the court DENIES the motion for default judgment.

Ms. Caton seeks entry of default judgment in the amount of $16,250,000.00 as expectation damages for Mr. White's breach of a joint venture agreement. (Mot. (Dkt. #

ORDER- 1

17) at 4.) On or about July 25, 2007, Ms. Caton and Mr. White entered into a Joint Venture Agreement (the "Agreement"). (Caton Decl. (Dkt. # 16) ¶ 2.) Pursuant to the Agreement, Ms. Caton delivered $20,000.00 to Mr. White, which he was supposed to use to secure a $100,000,000.00 cash asset lease platform for the purpose of investment into a private placement investment program. (*Id.* ¶¶ 4-5.) Based on the representations of Mr. White, Ms. Caton was supposed to receive a return of $16,250,000.00 on her $20,000.00 investment. (*Id.* ¶¶ 9-10.) Ms. Caton has only received a partial payment. (*Id.* ¶ 8.)

Entry of default judgment is left to the court's sound discretion. *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting out factors to guide district court's determination regarding the appropriateness of granting default judgment). Because granting or denying relief is within the court's discretion, a defendant's default does not automatically entitle a plaintiff to a court ordered judgment. *See Aldabe,* 616 F.2d at 1092; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc.,* 219 F.R.D. 494, 498 (C.D. Cal. 2003).

At the default judgment stage, well-pleaded factual allegations are deemed to have been admitted and are sufficient to establish a defendant's liability, but allegations of the complaint relating to damages are not assumed to be true. *Geddes v. United Fin. Grp.,* 559 F.2d 557, 560 (9th Cir.1977). A plaintiff must prove the amount of damages to which he or she is entitled. *Bryan v. Def. Tech. U.S.*, CIV S-10-2241 KJM GGH P, 2011 WL 865950, * 1 (E.D. Cal. Mar. 9, 2011).

In this case, Ms. Caton appears to have been damaged, but the court cannot determine the appropriate amount based on the evidence before it. Ms. Caton claims that

ORDER- 2

she is entitled to $16,250,000.00 as expectation damages for Mr. White's breach of the Agreement. Expectation damages give the non-breaching party the benefit of the bargain by putting him or her in as good a position as he or she would have been in had the contract been performed. *Mason v. Mortg. Am., Inc.*, 792 P.2d 142, 146 (Wash. 1990).[1] "[T]he fact of loss must be established with sufficient certainty to provide a reasonable basis for estimating that loss." *Id.* (quoting *Wilson v. Brand S Corp.*, 621 P.2d 748, 750 (Wash. Ct. App. 1980)). Here, Ms. Caton has not provided with sufficient certainty that her damages from Mr. White's breach of the Agreement are $16,250,000.00. Regardless of Mr. White's representations, it is simply too speculative to conclude that had he invested the $20,000.00 Ms. Caton gave to him according to the terms of the Agreement, Ms. Caton would have received $16,250,000.00.

Moreover, Ms. Caton has not provided the court with sufficient evidence for the court to determine her reliance damages. Although there is evidence that Ms. Caton gave Mr. White $20,000.00, there is also evidence that she received a return on that investment. (Caton Decl. ¶¶ 4, 5, 8.) Without information regarding the amount that she received in return, the court does not have a reasonable basis upon which to award reliance damages.

Accordingly, the court DENIES Ms. Caton's motion for default judgment (Dkt. #

---

[1] The Agreement provided that it would be "governed by the laws of the United States of America." (Caton Decl. Ex. A (Agreement) ¶ 12(a).) Absent a choice of law provision or a conflict of law, the court applies the law of the forum state, which in this case is Washington. *See Milgard Mfg., Inc. v. Illinois Union Ins. Co.*, No. C10-5943 RJB, 2011 WL 3298912, *2 (W.D. Wash. Aug. 1, 2011).

ORDER- 3

17) without prejudice for reapplication in light of the foregoing analysis.

Dated this 19th day of September, 2011.

JAMES L. ROBART
United States District Judge

ORDER- 4