1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
                             AT SEATTLE
9
10   JUDY A. CATON,                          CASE NO. C10-2068JLR

11                     Plaintiff,            ORDER DENYING MOTION
                                             FOR DEFAULT JUDGMENT
12            v.

13   KEITH D. WHITE, et al.,

14                     Defendants.

15          This matter comes before the court on Plaintiff Judy A. Caton's motion and

16   declaration for order of default and default judgment against Defendant Keith D. White

17   (Dkt. # 17).  On August 5, 2011, the court entered an order of default against Mr. White

18   (Dkt. # 20).  The court has reviewed Ms. Caton's motion for default judgment (Dkt. #

19   17), the declaration of Ms. Caton (Dkt. # 16), and the relevant law.  For the reasons stated

20   below, the court DENIES the motion for default judgment.

21          Ms. Caton seeks entry of default judgment in the amount of $16,250,000.00 as

22   expectation damages for Mr. White's breach of a joint venture agreement.  (Mot. (Dkt. #

17) at 4.)  On or about July 25, 2007, Ms. Caton and Mr. White entered into a Joint

Venture Agreement (the "Agreement").  (Caton Decl. (Dkt. # 16) ¶ 2.)  Pursuant to the

Agreement, Ms. Caton delivered $20,000.00 to Mr. White, which he was supposed to use

to secure a $100,000,000.00 cash asset lease platform for the purpose of investment into a

private placement investment program.  (*Id.* ¶¶ 4-5.)  Based on the representations of Mr.

White, Ms. Caton was supposed to receive a return of $16,250,000.00 on her $20,000.00

investment.  (*Id.* ¶¶ 9-10.)  Ms. Caton has only received a partial payment.  (*Id.* ¶ 8.)

Entry of default judgment is left to the court's sound discretion.  *Aldabe v. Aldabe,*

616 F.2d 1089, 1092 (9th Cir. 1980); *see also Eitel v. McCool,* 782 F.2d 1470, 1471-72

(9th Cir. 1986) (setting out factors to guide district court's determination regarding the

appropriateness of granting default judgment).  Because granting or denying relief is

within the court's discretion, a defendant's default does not automatically entitle a

plaintiff to a court ordered judgment.  *See Aldabe,* 616 F.2d at 1092; *see also Philip*

*Morris USA, Inc. v. Castworld Prods., Inc.,* 219 F.R.D. 494, 498 (C.D. Cal. 2003).

At the default judgment stage, well-pleaded factual allegations are deemed to have

been admitted and are sufficient to establish a defendant's liability, but allegations of the

complaint relating to damages are not assumed to be true.  *Geddes v. United Fin. Grp.,*

559 F.2d 557, 560 (9th Cir.1977).  A plaintiff must prove the amount of damages to

which he or she is entitled.  *Bryan v. Def. Tech. U.S.*, CIV S-10-2241 KJM GGH P, 2011

WL 865950, * 1 (E.D. Cal. Mar. 9, 2011).

In this case, Ms. Caton appears to have been damaged, but the court cannot

determine the appropriate amount based on the evidence before it.  Ms. Caton claims that

she is entitled to $16,250,000.00 as expectation damages for Mr. White's breach of the Agreement. Expectation damages give the non-breaching party the benefit of the bargain by putting him or her in as good a position as he or she would have been in had the contract been performed. *Mason v. Mortg. Am., Inc.*, 792 P.2d 142, 146 (Wash. 1990).[1] "[T]he fact of loss must be established with sufficient certainty to provide a reasonable basis for estimating that loss." *Id.* (quoting *Wilson v. Brand S Corp.*, 621 P.2d 748, 750 (Wash. Ct. App. 1980)). Here, Ms. Caton has not provided with sufficient certainty that her damages from Mr. White's breach of the Agreement are $16,250,000.00. Regardless of Mr. White's representations, it is simply too speculative to conclude that had he invested the $20,000.00 Ms. Caton gave to him according to the terms of the Agreement, Ms. Caton would have received $16,250,000.00.

Moreover, Ms. Caton has not provided the court with sufficient evidence for the court to determine her reliance damages. Although there is evidence that Ms. Caton gave Mr. White $20,000.00, there is also evidence that she received a return on that investment. (Caton Decl. ¶¶ 4, 5, 8.) Without information regarding the amount that she received in return, the court does not have a reasonable basis upon which to award reliance damages.

Accordingly, the court DENIES Ms. Caton's motion for default judgment (Dkt. #

---

[1] The Agreement provided that it would be "governed by the laws of the United States of America." (Caton Decl. Ex. A (Agreement) ¶ 12(a).) Absent a choice of law provision or a conflict of law, the court applies the law of the forum state, which in this case is Washington. *See Milgard Mfg., Inc. v. Illinois Union Ins. Co.*, No. C10-5943 RJB, 2011 WL 3298912, *2 (W.D. Wash. Aug. 1, 2011).

17) without prejudice for reapplication in light of the foregoing analysis.

Dated this 19th day of September, 2011.

_____
JAMES L. ROBART
United States District Judge